UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MARC EPSTEIN,

                Plaintiff,                      MEMORANDUM AND ORDER
                                                         18-CV-03686

  - against -


NEW YORK CITY DEPARTMENT OF
EDUCATION,

                Defendant.
----------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Plaintiff Marc Epstein ("Plaintiff" or "Epstein") brought this action against Defendant New York City Department of Education ("DOE") alleging that the DOE terminated his employment in an act of retaliation in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1 "Complaint"). Pending before the Court is the DOE's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 13). For the reasons explained below, the motion is **GRANTED**.

## BACKGROUND

       On February 24, 2017, the DOE hired Epstein as an Education Analyst subject to the successful completion of a one-year probationary period. (Complaint ¶ 10; ECF No. 10 ("Answer") ¶ 9; Exhibit A). Epstein alleges that in March 2017, he asked his supervisor, Ronald Dixon, for two days off in April to observe the Passover holiday. (Complaint ¶ 10). He claims that Dixon denied his request, advised him that his pay would be docked for the second day, and told him that he was "sick of all these e-mails requesting religious accommodation," which is contrary to the DOE's religious accommodation policy. (*Id.* at ¶¶ 11, 15). Epstein claims that

1

while his request was ultimately granted, Dixon began to unfairly criticize his work, which led to his termination. (*Id.* at ¶¶ 17, 18).

The DOE's Answer and attached exhibits tell an entirely different story. After Epstein initially requested two days off to observe the Jewish holiday, Dixon replied "Okay." (Exhibit D). Epstein then e-mailed Negron Brunilda, the DOE's timekeeper, copying Dixon, asking how his days off should be entered into the system. (Exhibit E). Brunilda informed Epstein that while he did not have any annual leave time for the next three months, he would be able to "borrow" days for religious accommodation. (*Id.*). In a subsequent meeting with Dixon, Brunilda, and Brunilda's supervisor, everyone agreed that Epstein's requested days off would be "advanced." (Exhibit F). Epstein's requested time off was then entered into the system. (Exhibit H).

After the holiday, Dixon met with Epstein to discuss numerous ongoing performance issues, such as working on projects to which he was not assigned, regularly failing to record his work hours, and using his DOE e-mail address to ask an independent consultant to send research to his personal e-mail account. (Answer ¶17; Exhibits I-R). Epstein was warned more than once that continued performance issues could result in the termination of his probationary period and employment. (Exhibit Q). Epstein failed to correct these issues and on June 16, 2017, he was fired. (Exhibit B). Shortly after, Epstein filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") and on May 31, 2018, the EEOC issued a Notice of Right to Sue. (Complaint ¶¶ 20-21; Exhibit S). On June 26, 2018, Epstein filed this Complaint.

## LEGAL STANDARD

Rule 12(c) motions for judgment on the pleadings are subject to the same standards applicable to Rule 12(b)(6) motions to dismiss. *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a Rule 12(b)(6) motion, the Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in its favor. *ATSI Commc'ns, Inc. v. Shaar Fund, LTD.*, 493 F.3d 87, 98 (2d Cir. 2007). The Court may consider, in addition to the facts stated in the complaint, "any written instrument attached to the complaint," as well as "documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *Id.*

## DISCUSSION

### I. The Exhibits Attached to the DOE's Answer

Epstein argues that the Court cannot consider the exhibits attached to the DOE's Answer because he did not rely on those documents in forming his Complaint. (ECF No. 14 at 5). His argument is meritless. On a Rule 12(c) motion, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). There is no question that the email and letter exhibits were attached to the DOE's Answer. Moreover, they were "integral" to Epstein's request for religious accommodation and the alleged retaliation which formed the basis of his Complaint. *Id.* Accordingly, the Court will consider those documents.

### II. Epstein's Retaliation Claim

Title VII of the Civil Rights Act of 1964 includes an anti-retaliation provision which makes it unlawful "for an employer to discriminate against any . . . employee . . . because he has opposed

3

any practice made an unlawful practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation, a plaintiff must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). Here, Epstein failed to show a causal connection between his request for two days off to observe a religious holiday and his termination, which occurred approximately three months later. Indeed, the pleadings and attached e-mail exhibits clearly show the opposite, that Dixon had no adverse reaction to Epstein's request and terminated him because of his poor work performance. Accordingly, Epstein's retaliation claim is dismissed.

## CONCLUSION

Accordingly, for the reasons explained above, the DOE's motion for judgment on the pleadings is **GRANTED** and Epstein's complaint is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
May 21, 2019

/s_____
I. Leo Glasser                        U.S.D.J.